FILED
IN COURT
CHARLOTTE, N. C.

FEB 1 4 2008

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---------------------------------------------------------------- X
In re:                                                          :    Chapter 7
                                                                :
RFS ECUSTA INC. and                                             :    **Dist. Ct. Case No.**
RFS US INC.,                                                    :    **3:06-cv-386-MU**
                                                                :
                                                                :    Bankr. Ct. Case Nos.
                                                                :            03-10358 (GRH)
                                                                :         and 03-10360 (GRH)
                                 Debtors.                        :
---------------------------------------------------------------- X    (Jointly Administered)
LANGDON M. COOPER,                                              :    **Dist. Ct. Case No.**
as Chapter 7 Trustee for the estates of                         :    **3:05-cv-214-MU**
RFS ECUSTA INC. AND RFS US INC.,                               :
                                                                :    Bankr. Ct. Adv. Pro. No.
                                 Plaintiff,                      :    04-3233
                                                                :
                                                                :
                                     v.                          :
                                                                :
NATHU RAM PURI, UPENDRA K. PURI, AJAY                          :
BADHWAR, STEVEN H. SMITH, PURICO (IOM)                         :
LIMITED, PURICO US, INC., RF & SON, INC.,                      :
DOORLOCK, LIMITED, ECUSTA FIBERS, LTD.,                        :
ECUSTA AUSTRALIA PTY. LTD., PURICO GMBH,                       :
ENVIRONMENTAL DESIGN CONSULTANCY, P.H.                         :
GLATFELTER COMPANY and MOLLANVICK, INC.,                       :
                                                                :
                                 Defendants.                     :
---------------------------------------------------------------- X
LANGDON M. COOPER,                                              :
as Chapter 7 Trustee for the estates of                         :    **Dist. Ct. Case No.**
RFS ECUSTA INC. AND RFS US INC.,                               :    **3:05-cv-215-MU**
                                 Plaintiff,                      :
                                     v.                          :    Bankr. Ct. Adv. Pro. No.
                                                                :    03-3352
NATHU RAM PURI, PURICO (IOM)                                   :
LIMITED, ANCEFIN, LTD., and TOTAL                              :
ACCEPTANCES LIMITED,                                           :
                                                                :
                                 Defendants.                     :

```
------------------------------------------------------------  X
LANGDON M. COOPER,                              :
as Chapter 7 Trustee for the estates of         :    **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                :    **3:05-cv-216-MU**
                                                :
                        Plaintiff,              :    Bankr. Ct. Adv. Pro. No.
                                                :    04-3069
                                                :
            v.                                  :
                                                :
P.H. GLATFELTER COMPANY, NORTH                  :
CAROLINA INDUSTRIAL COMMISSION,                 :
NORTH CAROLINA DEPARTMENT OF                    :
INSURANCE, NORTH CAROLINA SELF-                 :
INSURANCE GUARANTY ASSOCIATION,                 :
JAMES GOODSON, WACHOVIA BANK, N.A.,             :
JOHN DOE 1 through unknown and JANE DOE 1 through :
unknown,                                        :
                                                :
                        Defendants.             :
------------------------------------------------------------  X
LANGDON M. COOPER,                              :
as Chapter 7 Trustee for the estates of         :    **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                :    **3:05-cv-213-MU**
                                                :
                        Plaintiff,              :    Bankr. Ct. Adv. Pro. No.
                                                :    04-3232
                                                :
            v.                                  :
                                                :
P.H. GLATFELTER COMPANY;                        :
MOLLANVICK, INC.; JEMSITE                       :
DEVELOPMENT, LLC; STATE                         :
EMPLOYEES CREDIT UNION;                         :
WACHOVIA BANK, N.A.; TRSTE, INC. and            :
ALLFIRST TRUST COMPANY, N.A. n/k/a              :
M&T BANK,                                       :
                        Defendants.             :
------------------------------------------------------------  X
```

P.H. GLATFELTER COMPANY and
MOLLANVICK, INC.,

           Counterclaim and Third Party Plaintiff,

                    v.

LANGDON M. COOPER, as Chapter 7 Trustee
for the Estates of RFS ECUSTA INC. and
RFS US INC., NATHU RAM PURI, UPENDRA K.
PURI, PURICO (IOM) LIMITED, PURICO US,
INC., RF & SON, INC., PURICO GMBH, and
ALLFIRST TRUST COMPANY, N.A. n/k/a
M&T BANK Corporation as escrow agent,

           Counterclaim and Third Party Defendants.

: **Dist. Ct. Case No.**
: **3:05-cv-213-MU**
:
: Bankr. Ct. Adv. Pro. No.
: 04-3232

-----------------------------------------------------------------------  X

LANGDON M. COOPER,
as Chapter 7 Trustee for the estates of
RFS ECUSTA INC. and RFS US INC.,

                  Plaintiff,

                    v.

DECHERT LLP,

                  Defendant.

: **Dist. Ct. Case No.**
: **3:05-cv-212-MU**
:
: Bankr. Ct. Adv. Pro. No.
: 04-3231

-----------------------------------------------------------------------  X

LANGDON M. COOPER,
as Chapter 7 Trustee for the estates of
RFS ECUSTA INC. and RFS US INC.,
NATHU RAM PURI, UPENDRA K. PURI,
AJAY BADHWAR and STEVEN H. SMITH,
                  Plaintiffs,

                    v.

CNA FINANCIAL CORPORATION, COLUMBIA
CASUALTY COMPANY, and ZURICH AMERICAN
INSURANCE COMPANY,
                  Defendants.

: **Dist. Ct. Case No.**
: **3:06-cv-312-GCM**
:
: Bankr. Ct. Adv. Pro. No.
: 04-3231

-----------------------------------------------------------------------  X

664344v5 009033.0300

**ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BY AND AMONG LANGDON M. COOPER, AS CHAPTER 7 TRUSTEE, THE PURI PARTIES, COLUMBIA CASUALTY COMPANY, CNA FINANCIAL CORPORATION, P.H. GLATFELTER COMPANY, MOLLANVICK, INC., AND STEVEN H. SMITH AND AUTHORIZING TRANSFER OF MONIES HELD BY CLERK OF THE COURT**

Upon the motion (the "Motion"), dated January 10, 2008, of Langdon M. Cooper, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of RFS Ecusta Inc. and RFS US Inc. (together, the "Debtors"), requesting the entry of orders pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7001, 7016, 7065 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement Agreement and Release (the "Settlement Agreement"),[1] annexed to the Motion and to this Order as "**Exhibit A**", by and among (i) the Trustee, (ii) Nathu Puri, Upendra Puri, Ajay Badhwar, Purico (IOM) Limited ("Purico IOM"), Doorlock, Ltd., Ecusta Australia Pty Ltd., Ancefin, Ltd., and Purico GmbH (collectively, the "Puri Parties"), (iii) Columbia Casualty Company and CNA Financial Corporation (together, "CNA"), (iv) P.H. Glatfelter Company and Mollanvick, Inc. (together, "Glatfelter") as to sections 3.4, 3.6, 3.7, 3.8, and 3.9 of the Settlement Agreement, (v) and Steven H. Smith as to sections 3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 of the Settlement Agreement"; it appearing that notice of the Motion and the opportunity for a hearing were appropriate under the particular circumstances and that no other or further notice need be given; the Court having considered the Motion and the Settlement Agreement, received evidence and heard arguments, including any objections to the Motion, as reflected on the record of the hearing on the Motion; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

**NOW, THEREFORE**, upon the Motion, the Settlement Agreement and the entire record, and after due deliberation thereon and good cause appearing therefor;

## IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334.  Venue of these proceedings and the Motion in this District is proper pursuant to 28 U.S.C. § 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 105 of the Bankruptcy Code and Bankruptcy Rules 7001, 7016 (incorporating Fed. R. Civ. P. 16(c)(9)), 7065 and 9019.

C.    Proper, timely, adequate and sufficient notice of the Motion and the relief requested therein has been provided in accordance with Bankruptcy Rules 2002 and 9019 to all interested persons and entities, including (i) the Bankruptcy Administrator; (ii) counsel for Dechert LLP; (iii) counsel for Cenveo, Inc. ("Cenveo"); (iv) counsel for Zurich American Insurance Company; (v) all parties to the Adversary Proceedings; (vi) all creditors of the Estates; (vii) all parties requesting notice in these cases; (viii) the Internal Revenue Service; and (ix) the North Carolina Department of Revenue.  Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion, the relief requested therein and all matters relating thereto, or entry of this Order is or shall be required.

D.    Approval of the Settlement Agreement is in the best interests of the Debtors, the Estates and their creditors.

---

[2] This Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if they are contained in a paragraph preceded by "ORDERED" rather than a letter, and any and all conclusions of law shall constitute conclusions of law even if they are contained in a paragraph preceded by a letter rather than "ORDERED."

E.    The Final Judgment and Bar Order, to be entered at the request of the Trustee and Puri Parties following the Effective Date of the Settlement Agreement, (i) is the product of the Parties' arms'-length and good faith negotiations, (ii) is fair and equitable with respect to the Enjoined Parties, (iii) is consistent with the public policy favoring settlements, (iv) is a material and necessary element of the Settlement Agreement, and (v) is in the best interests of the Debtors, the Estates and their creditors.

F.    Each of the requirements for the disbursement of the portion of the Cadmus Acquisition Proceeds, that prior to the merger of an indirect wholly owned subsidiary of Cenveo into Cadmus represented (i) the shares of Cadmus stock registered in the name of Purico IOM and (ii) the options granted by Cadmus to Nathu Puri (the "Puri Options"), contained in the Stipulation and Order Regarding Compliance with Temporary Restraining Order and Order of Attachment, dated, and "So Ordered" by this Court on, March 6, 2007 (the "Cadmus Proceeds Stipulation and Order"), has been satisfied, modified or waived by Cenveo.

G.    Nathu Puri has represented to this Court and to Cenveo that he is the sole legal and beneficial owner of the right to receive the Cadmus Acquisition Proceeds formerly represented by the Puri Options and that he has not directly or indirectly sold, transferred, pledged, hypothecated, assigned, gifted or otherwise transferred any right, title or interest therein, and Purico IOM has represented to this Court and to Cenveo that it is the sole legal and beneficial owner of the right to receive the Cadmus Acquisition Proceeds formerly represented by the Purico Shares and that it has not directly or indirectly sold, transferred, pledged, hypothecated, assigned, gifted or otherwise transferred any right, title or interest therein.

**NOW, THEREFORE, IT IS HEREBY:**

ORDERED that objections to the Motion, if any, are overruled and the Motion is granted in all respects; and it is further

ORDERED that the Settlement Agreement is approved in its entirety; and it is further

ORDERED that the Trustee is authorized to take any and all actions described in, contemplated by or necessary to consummate the Settlement Agreement and to effectuate the relief granted pursuant to this Order; and it is further

ORDERED that CNA shall pay $2,650,000 to the Trustee (the "CNA Contribution") no later than the date that each of the conditions precedent set forth in section 3.2 of the Settlement Agreement have been satisfied, or waived as provided for in section 3.2 of the Settlement Agreement (the "Effective Date"); and it is further

ORDERED that if the Trustee has not received the CNA Contribution within four (4) business days of the Effective Date (the "Transfer Date"), the Trustee may, by sending a written notice to Nelson Mullins Riley & Scarborough LLP, counsel for certain of the Puri Parties, declare the Settlement Agreement null and void; and it is further

ORDERED that provided that the Settlement Agreement has not been declared null and void in accordance with the preceding decretal paragraph, the Clerk of the Court shall as soon as possible after being notified of the occurrence of the Transfer Date and notwithstanding anything to the contrary in the Cadmus Proceeds Stipulation and Order: (i) transfer to the Trustee for the benefit of the Estates $7,750,000 of the funds held in the Cadmus Acquisition Proceeds Account (the "Trustee Funds") to the Trustee, (ii) transfer the funds in the Cadmus Acquisition Proceeds Account (net of the Trustee Funds and the District Court fees) to Purico

IOM, each in accordance with Disbursement Order attached hereto as "**Exhibit B**"; and (iii) thereafter transfer to Purico IOM interest, if any, subsequently credited to the Cadmus Acquisition Proceeds Account less any District Court fees; and it is further

ORDERED that the Trustee Funds shall be deemed for all purposes to be taken first from the interest earned on the Cadmus Acquisition Proceeds and the Ancefin Proceeds, next from the proceeds of the Puri Options and last from the portion of the Cadmus Acquisition Proceeds representing the shares of Cadmus stock owned by Purico IOM; and it is further

ORDERED that this Settlement Approval Order shall constitute a Disbursement Order within the meaning of the Cadmus Proceeds Stipulation; and it is further

ORDERED that upon the Transfer Date, the Trustee will transfer to Ancefin, Ltd. any and all funds being held by the Trustee in CDARS FDIC-insured accounts through First National Bank, Shelby, N.C. (the "Ancefin Accounts") and any interest that accrued on such funds, and will thereafter transfer to Ancefin, Ltd. interest, if any, subsequently credited to the Ancefin Accounts; provided; however that such transfer shall not be required if the Settlement Agreement is declared null and void as provided above; and it is further

ORDERED that the Estates shall report the interest earned on the Ancefin Proceeds and Cadmus Acquisition Proceeds as income on the Estates' tax returns and shall be responsible for the tax liability if any owed in connection with such income; and it is further

ORDERED that the foregoing allocation of any tax liability is approved in all respects and binding on all persons who received notice of the Motion; and it is further

ORDERED that upon the Transfer Date, the Melham DIP Claim shall be allowed as an administrative claim (within the meaning of Section 503 of the Bankruptcy Code) in the amount of $200,000, and Melham Claim 491 shall be allowed as a general unsecured claim in

the amount of $353,918 (collectively, the "Melham Allowed Claims"). The Melham Allowed

Claims shall not be subject to reduction, setoff, offset, objection, subordination, contest or

counterclaim by anyone for any reason at any time. The Melham Allowed Claims shall receive

the same treatment in the Debtors' cases, *pari passu*, as similar allowed administrative claims

and general unsecured claims, respectively, in respect of classification, recovery and otherwise;

and it is further

ORDERED, that within ten (10) business days of the Transfer Date, the Trustee

shall pay Glatfelter the amounts owed pursuant to the Glatfelter Settlement Agreement; and it is

further

ORDERED, that neither the Puri Parties, the Debtors, the Trustee nor any party to

the Settlement Agreement shall have any claims, controversies, causes of action, cross-claims,

counter-claims, rights, debts, damages, claims for costs or attorneys' fees or liabilities of any

nature whatsoever against Cenveo or any of its directors, officers, employees, agents or affiliates,

including, without limitation, Cadmus and its successors and assigns, in connection with or in

any manner directly or indirectly relating to the Cadmus Acquisition Proceeds, the Purico Shares

or the Puri Options; and it is further

ORDERED that the Final Judgment and Bar Order, in the form attached hereto as

"**Exhibit C**", is approved and shall be entered by the Court following the occurrence of the

Effective Date and the request of the Trustee and Puri Parties (which request may be by letter to

the Court, with no further notice to any parties in interest, and need not be by motion) following

the Effective Date; and it is further

ORDERED that this Court (or any higher Court of competent jurisdiction) shall retain jurisdiction to resolve any disputes under, to interpret, implement, and enforce the provisions of the Settlement Agreement and this Order; and it is further

ORDERED that the Parties, and all of their respective professionals, will be acting in good faith if they proceed to consummate the Settlement Agreement and take the actions authorized and approved by this Order; and it is further

ORDERED that the failure to specifically include any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Settlement Agreement be approved in its entirety; and it is further

ORDERED that if there is any inconsistency between the terms of the Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control, and if there is any inconsistency between the terms of this Order and the Settlement Agreement, the terms of this Order shall control.

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE

Dated: _14 Feb_, 2008

# EXHIBIT A

## SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, dated January *11*, 2008 (the "Settlement Agreement"), is entered into by and between Langdon M. Cooper, solely in his capacity as Chapter 7 Trustee and not individually (the "Trustee") for the bankruptcy estates, (together, the "Estates") of RFS Ecusta Inc. and RFS US Inc. (together, the "Debtors"); the Puri Parties (defined below); Columbia Casualty Company and CNA Financial Corporation (together "CNA"); P.H. Glatfelter Company and Mollanvick, Inc. (together, "Glatfelter") as to sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof; and Steven H. Smith as to sections 3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof.

## RECITALS

On August 9, 2001, the Debtors acquired the Ecusta Mill from Glatfelter pursuant to an Amended and Restated Acquisition Agreement, dated August 9, 2001 (the "Acquisition Agreement") and a number of related agreements. RF & Son, Inc. ("RF & Son") and Purico (IOM) Limited ("Purico IOM") simultaneously acquired additional assets or stock from Glatfelter pursuant to the Acquisition Agreement.

On October 23, 2002 ("Petition Date"), the Debtors commenced bankruptcy cases ("Cases") by filing voluntary petitions under chapter 11 of title 11 of the United States Code, as amended ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). On March 28, 2003, the Delaware Bankruptcy Court transferred venue of the Cases to the United States Bankruptcy Court for the Western District of North Carolina ("NC Bankruptcy Court"). By Order dated September 8, 2006, the United States District Court for the Western District of North Carolina (the "District Court") withdrew the reference of the Cases from the NC Bankruptcy Court. The cases are docketed under District Court Case No. 3:06-CV-00386.

Prior to the Petition Date, the Debtors bought $10 million in primary directors' and officers' liability insurance from CNA (the "CNA Policy") for the benefit of the Debtors and their directors and officers.

On August 12, 2003, following the closing of the sale of the Debtors' assets, the Cases were converted to cases under chapter 7 of the Bankruptcy Code and the Trustee was appointed.

Thereafter, the Trustee commenced the following adversary proceedings (each an "Adversary Proceeding" and, collectively, the "Adversary Proceedings"):

(1)     *Langdon M. Cooper, as Chapter 7 Trustee for the estates of RFS Ecusta & RFS US Inc. v. Nathu Ram Puri, Upendra K. Puri, Ajay Badhwar, Steven H. Smith, Purico (IOM) Limited, Purico US, Inc., RF & Son, Inc., Doorlock Limited, Ecusta Fibers Ltd., Ecusta Australia Pty. Ltd., Purico GmbH, Environmental Design Consultancy, P.H. Glatfelter Company & Mollanvick, Inc.*, Index No. 3:05-cv-00214 (W.D.N.C.) (the "Fraudulent Conveyance Action");

(2)    *Langdon M. Cooper, as Chapter 7 Trustee for the Estates of RFS Ecusta Inc. &
RFS US Inc. v. P.H. Glatfelter Company, Mollanvick, Inc., Jemsite Development,
LLC, State Employees Credit Union, Wachovia Bank, N.A., Trste, Inc. & Allfirst
Trust Company, N.A. n/k/a M&T Bank*, Index No. 3:05-cv-213 (W.D.N.C.) (the
"Glatfelter Action");

(3)    *Langdon M. Cooper, as Chapter 7 Trustee for the estates of RFS Ecusta & RFS
US Inc. v. Nathu Ram Puri, Purico (IOM) Limited, Ancefin, Ltd., & Total
Acceptances Limited*, Index No. 3:05-cv-00215 (W.D.N.C.); and

(4)    *Langdon M. Cooper, Trustee In Bankruptcy for RFS Ecusta, Inc. and RFS US,
Inc. v. P.H. Glatfelter Company, North Carolina Industrial Commission, North
Carolina Department of Insurance, North Carolina Self Insurance Guaranty
Association, James Goodson, Wachovia Bank, N.A., John Doe 1 through
unknown and Jane Doe 1 through unknown*, Index No. 3:05-cv-00216
(W.D.N.C.).

Certain defendants in the Adversary Proceedings asserted they were covered persons
under the CNA Policy (such defendants are referred to herein as the "Covered Defendants").

In the Fraudulent Conveyance Action and the Glatfelter Action, Glatfelter asserted
counterclaims against the Trustee and either cross-claims or third-party claims against, inter alia,
Nathu Puri ("Puri"), Purico IOM, Purico US, Inc., RF & Son and Purico GmbH.  Glatfelter's
claims included, among others, claims for indemnification pursuant to Article VII of the
Acquisition Agreement in connection with payments made, or expected to be made, by Glatfelter
for liabilities allegedly assumed by the Debtors and Purico IOM under the Acquisition
Agreement (the "Glatfelter Claims").

On January 31, 2006, the District Court entered an Order withdrawing the reference of
the Adversary Proceedings from the NC Bankruptcy Court.

During 2006, the Trustee and certain of the Debtors' former officers and directors
commenced a declaratory judgment action against CNA in the District Court (W.D.N.C. Case
No. 3:06-CV-00312) seeking a declaratory judgment of coverage under the CNA Policy (the
"Declaratory Judgment Action").  In response, CNA contended, inter alia, that the CNA Policy
should be deemed null and void as a consequence of the circumstances surrounding the
application for the CNA Policy.

Following the withdrawal of the reference of the Adversary Proceedings, the Trustee, the
Puri Parties and Glatfelter participated in non-binding mediation in May, 2006.  Subsequent
thereto, the Trustee and Glatfelter entered into a settlement approved by the District Court by
Order dated September 8, 2006 settling the Trustee's claims against Glatfelter (the "Glatfelter
Settlement Agreement"), which Agreement remains in full force and effect.  Pursuant to the
Glatfelter Settlement Agreement, Glatfelter assigned the Glatfelter Claims to the Trustee in
exchange for a portion of the damages the Trustee could collect.

The Puri Parties and CNA have maintained and continue to maintain that there is no basis in law or fact for the commencement or maintenance of any legal action against them, including, without limitation, the claims in the Adversary Proceedings.

On October 23 and 24, 2007, the Trustee, the Puri Parties, counsel for Steven H. Smith and CNA participated in a subsequent mediation. The Trustee, the Puri Parties, Steven H. Smith and CNA now wish to fully and finally resolve, as among themselves, all disputes which now exist or in the future may arise with respect to liabilities among the Estates, the Puri Parties, Steven H. Smith and CNA relating, in any way whatsoever, to or arising out of the Acquisition Agreement and any agreement ancillary thereto, the operation of the Debtors following the Acquisition, the Adversary Proceedings, the Declaratory Judgment Action or any transaction or dealings or other actions by, between and/or among each of the parties to this Settlement Agreement (the "Parties" or, individually, a "Party") relating to any matter from the beginning of time to the present.

NOW, THEREFORE, intending to be legally bound, and in consideration of the mutual promises and other good and valuable consideration identified below, the Parties agree, subject to the entry of an Order of approval by the District Court, after notice and a hearing, as follows:

1.    RECITALS.

    1.1    The Recitals set forth above are incorporated herein by reference and made a part hereof as though set forth herein.

2.    DEFINITIONS. In addition to the terms defined in the Recitals and elsewhere herein, the following terms shall have the meaning set forth below for purposes of this Settlement Agreement:

    2.1    "Acquisition" means the acquisition by the Debtors, RF & Son and Purico IOM of various assets and stock from Glatfelter pursuant to the Acquisition Agreement.

    2.2    "Ancefin Proceeds" means the funds being held by the Trustee in CDARS FDIC-insured accounts through First National Bank, Shelby, N.C. and any interest that may accrue on such funds. At November 1, 2007, the aggregate balance in the accounts was $2,792,279.90. Such monies had been paid to the Debtors by or on behalf of Ancefin, Ltd. in connection with Ancefin, Ltd.'s attempt, subsequently terminated, to acquire certain assets of the Debtors during the Debtors' Chapter 11 cases.

    2.3    "Business Day" means any day of the week other than a Saturday, Sunday or legal holiday, including New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States, or by the state of North Carolina and/or New York.

    2.4    "Cadmus" means Cadmus Communications Corporation.

2.5   "Cadmus Acquisition Proceeds" means the funds being held in the Cadmus Acquisition Proceeds Account representing the proceeds of (a) the shares of Cadmus owned by Purico IOM and (b) the Puri Options; which proceeds were deposited pursuant to the Cadmus Proceeds Stipulation and Order and the Order of Attachment, and any interest that may accrue on such funds.  At October 24, 2007, the aggregate balance in the account was $29,127,491.43.

2.6   "Cadmus Acquisition Proceeds Account" means the account under the control of the District Court in which the Cadmus Acquisition Proceeds are being held.

2.7   "Cadmus Proceeds Stipulation and Order" means the Stipulation between the Trustee and Cenveo, Inc. which was "So Ordered" by the District Court dated March 6, 2007.

2.8   "Effective Date" means the date upon which all of the conditions precedent set forth in Section 3.2 below have been satisfied, or waived in writing by the parties authorized to waive such conditions.

2.9   "Final Order" means an order of the District Court, as to which the time for filing a notice of appeal has expired with no notice of appeal having been filed, or if a notice of appeal has been filed, as to which such appeal has been fully and finally resolved.

2.10  "Melham Claims" means Delaware Claim No. 491 ("Melham Claim 491") and Melham US Inc.'s claim ("Melham DIP Claim") based on the Final Order Authorizing RFS US to obtain Post-Petition Financing on a Junior Secured Basis (Delaware Docket No. 192) in the amount of $200,000.

2.11  "Order of Attachment" means the Preliminary Injunction Order and Order of Attachment entered by the District Court on March 6, 2007.

2.12  "Order of Attachment Appeal" means the appeal by Puri and Purico IOM currently pending in the Fourth Circuit Court of Appeals of the Order of Attachment.

2.13  "Puri Claims" means any and all claims, cross claims and third-party claims that have been, could have been or may be asserted against the Trustee or Glatfelter by the Puri Parties in any of the Adversary Proceedings.

2.14  "Puri Options" means the options which had been granted to Puri by Cadmus, the proceeds of which were deposited into the Cadmus Acquisition Proceeds Account.

2.15  "Puri Parties" means Nathu Puri, Upendra Puri, Ajay Badhwar, Purico IOM, Doorlock, Ltd., Ecusta Australia Pty Ltd., Purico GmbH, Ancefin, Ltd., and Environmental Design Consultancy.

2.16  "Puri Party Proofs of Claim" means any and all proofs of claims filed by or on behalf of a Puri Party or affiliates thereof (other than the Melham Claims), or any claims in the name of a Puri Party listed in the Debtors' Schedules of Liabilities, including Delaware claim no. 195 filed by Travelers Edge.

2.17  "Puri Warn Act Judgment Release" means the release of Puri by the Union pursuant to the Union Settlement of any claims or liability with respect to the WARN Act Judgment.

2.18  "RF & Son Claim Withdrawal" means an agreement, reasonably satisfactory to the Trustee, and approved by Final Order of the District Court, pursuant to which the claims of RF & Son against the Debtors or their Estates in these Cases are finally withdrawn with prejudice.

2.19  "RF & Son/Purico US Mutual Release" means the Mutual General Release, reasonably satisfactory to the Trustee, releasing claims, if any, that RF & Son and Purico US, Inc. may have against the Debtors or their Estates.

2.20  "Settlement Order" means an order of the District Court, approving this Settlement Agreement, including the "Final Judgment and Bar Order" (as defined below), after notice and hearing, in the form annexed hereto as "**Exhibit A**."

2.21  "Union" means the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industry and Service Workers International Union and its Local 2-1971.

2.22  "Union Settlement" means the settlement agreement between the Trustee and the Union pursuant to which, among other things, the employee related claims will be allowed in a specified sum, an injunction will be entered enjoining further claims against the Debtors or their Estates by the Union and the former employees of the Debtors, and Puri will receive the Puri Warn Act Judgment Release.

2.23  "WARN Act Appeal" means the appeal by the Trustee and Puri currently pending in the Fourth Circuit Court of Appeals of the WARN Act Judgment.

2.24  "WARN Act Judgment" means the Judgment entered by the District Court dated August 4, 2006 in the action (Case No. 02-224).

3.    UNDERTAKINGS AND RELEASES.

3.1   Release and Rights to Escrows and Settlement Amount.  Purico IOM and Puri shall pay to the Trustee the aggregate sum of $7,750,000 and CNA shall pay to the Trustee $2,650,000 pursuant to this Settlement Agreement.  Such sum shall be paid as follows:

(a)   Upon the Effective Date, CNA shall pay to the Trustee $2,650,000 (the "CNA Contribution").  The CNA Contribution shall be promptly returned

to CNA in the event that the Settlement Agreement becomes null and void and the release given to CNA herein does not become effective.

(b)   If the Trustee has not received the CNA Contribution within four (4) business days of the Effective Date (the "Transfer Date"), this Settlement Agreement, including the releases provided for herein, shall, if the Trustee so elects in writing, become null and void.

(c)   Provided that the Settlement Agreement has not been declared null and void in accordance with the preceding paragraph, the Clerk of the Court shall as soon as possible after being notified of the occurrence of the Transfer Date and notwithstanding anything to the contrary in the Cadmus Proceeds Stipulation and Order:  (i) transfer to the Trustee for the benefit of the Estates $7,750,000 of the funds held in the Cadmus Acquisition Proceeds Account (the "Trustee Funds"), (ii) transfer the funds in the Cadmus Acquisition Proceeds Account (net of the Trustee Funds and the District Court fees) to Purico IOM, each in accordance with Disbursement Order attached hereto as "**Exhibit B**"; and (iii) thereafter transfer to Purico IOM interest, if any, subsequently credited to the Cadmus Acquisition Proceeds Account less any District Court fees.  Upon the Transfer Date, the Puri Parties relinquish any rights or claim to the Trustee Funds and consent to the transfer by the Clerk of the District Court of the Trustee Funds as directed by the Trustee.  The Trustee Funds shall be deemed to be taken first from the interest earned on the Cadmus Acquisition Proceeds and the Ancefin Proceeds, next from the proceeds of the Puri Options, and finally from the portion of the Cadmus Acquisition Proceeds representing the shares of Cadmus stock owned by Purico IOM.  The Puri Parties shall provide the Trustee and/or the District Court with any documentation required pursuant to the Cadmus Proceeds Stipulation and Order in connection with the release of the monies.  Upon the Transfer Date, the Trustee, on behalf of the Estates, relinquishes any rights or claims to the Cadmus Acquisition Proceeds other than the Trustee Funds.

(d)   Upon the Transfer Date, the then current amount of the Ancefin Proceeds (including, notwithstanding anything herein to the contrary, any interest previously credited to the account (the "Initial Ancefin Proceeds Transfer")), shall be returned by the Trustee to Ancefin, in accordance with the wire transfer instructions attached hereto as "**Exhibit C**." Interest, if any, subsequently credited to the account in which the Ancefin Proceeds are held shall thereafter be paid to Ancefin.

(e)   The Estates shall report the interest earned on the Ancefin Proceeds and Cadmus Acquisition Proceeds as income on the Estates' tax returns and shall be responsible for the payment of the tax liability if any owed in connection with such income, and the Final Order shall so provide for this allocation of responsibility.

(f) Upon the Transfer Date, the Melham Claims shall be deemed allowed for all purposes in the Debtors' cases as follows: Melham DIP Claim shall be allowed as an administrative claim (within the meaning of Section 503 of the Bankruptcy Code) in the amount of $200,000.00, and Melham Claim 491 shall be allowed as a general unsecured claim in the amount of $353,918.00 (collectively, the "Melham Allowed Claims"). The Melham Allowed Claims shall not be subject to reduction, setoff, offset, objection, subordination, contest or counterclaim by anyone for any reason at any time. The Melham Allowed Claims shall receive the same treatment in the Debtors' cases, *pari passu*, as similar allowed administrative claims and general unsecured claims, respectively, in respect of classification, recovery and otherwise.

3.2 <u>Conditions Precedent</u>. Except as noted immediately below, this Settlement Agreement is contingent upon each of the following conditions precedent being satisfied or waived in writing as specified below: (i) the District Court has entered the Settlement Order; (ii) the Settlement Order has become a Final Order (or the Trustee, counsel for the Puri Parties and CNA have each waived in writing the requirement of a Final Order); (iii) the claim of Ecusta Fibres Ltd. filed in these cases (Claim No. 490) has been disallowed by Final Order of the District Court or withdrawn (or the Trustee has waived this requirement in writing); (iv) RF & Son has executed the RF & Son Claim Withdrawal and the claim of RF & Son shall have been disallowed by Final Order of the District Court (or the Trustee has waived this requirement in writing); (v) RF & Son and Purico US, Inc. have executed and delivered to the Trustee the RF & Son/Purico US Mutual Release (or the Trustee has waived this requirement in writing); (vi) the Union Settlement has been approved by Final Order of the District Court and all conditions precedent therein have been satisfied or waived and such settlement has become effective; and (vii) the Trustee has obtained a release from liability for the Puri Parties in the WARN Act litigation with the Union. With respect to (iii), the Trustee shall diligently pursue the disallowance or withdrawal of the claim of Ecusta Fibres Ltd. and shall use his reasonable best efforts, in good faith, to obtain the same. With respect to (vi), the Trustee shall diligently pursue the approval of the Union Settlement by the District Court and such settlement becoming effective, and shall use his reasonable best efforts, in good faith, to obtain the same.

3.3 <u>Court Approval</u>. Within five (5) Business Days of the Trustee's receipt of a copy of this Settlement Agreement executed by each of the Puri Parties, CNA, Steven H. Smith and Glatfelter, the Trustee will file a motion seeking District Court approval of this Settlement Agreement and entry of the Settlement Order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 7001, 7016, 7065 and 9019. The Trustee shall provide copies of the motion for approval to the Puri Parties and CNA for review prior to filing. In the event that an objection is filed to any motion for approval of this Settlement Agreement, the Parties shall use their reasonable best efforts, in good faith, to support the approval of this Settlement Agreement before the District Court, and to defend any appeals of the

Settlement Order to the fullest extent reasonably practicable in the exercise of their reasonable best efforts. The Trustee shall notify counsel for the Puri Parties and for CNA, in writing, of any objection filed to the entry of the Settlement Order, as well as any oral objection made or raised and as to the action taken by the District Court (or any higher court) with respect to such request for approval, whether or not approval is granted, within five (5) Business Days of such action. If the District Court does not approve all terms and conditions contained in this Settlement Agreement, and the Parties, after using reasonable best efforts, are unable to obtain Court approval of the Settlement Order, then this Settlement Agreement shall be null and void, and the Parties shall be restored to their respective positions as of October 23, 2007.

3.4    <u>Withdrawal of Appeals and other Actions</u>.  Within fifteen (15) Business Days of the Effective Date,

  (a)    the Trustee and Puri shall withdraw and dismiss, with prejudice, the WARN Act Appeal;

  (b)    the Declaratory Judgment Action shall be dismissed with prejudice as to CNA and Zurich Insurance Company, and any counterclaims by CNA shall be dismissed with prejudice;

  (c)    Puri and Purico IOM shall withdraw and dismiss, with prejudice, the Order of Attachment Appeal;

  (d)    the Adversary Proceedings shall be dismissed with prejudice as to the Puri Parties and Steven H. Smith, including any third-party claims or cross-claims by Glatfelter against the Puri Parties and Steven H. Smith, and any counterclaims or cross-claims asserted by the Puri Parties against the Trustee, the Debtors or the Estates;

  (e)    the Trustee and the Puri Parties will request that the District Court enter the "Final Judgment and Bar Order" in the Adversary Proceedings substantially in the form attached hereto as "**<u>Exhibit D</u>**," and will use reasonable best efforts, in good faith, to pursue the same until the Final Judgment and Bar Order is entered and becomes final; and

  (f)    each Party shall pay its own costs and attorneys' fees in connection with the WARN Act Appeal, the Declaratory Judgment Action, the Attachment Appeal, and the Adversary Proceedings.

3.5    <u>Rescission of Insurance Policies</u>.  Upon the Effective Date, subject to the payment of the CNA Consideration, the Insurance Policies issued by CNA and Zurich are hereby rescinded, void <u>ab initio</u> and of no further force or effect.  All premiums paid in connection with the Insurance Policies are fully earned and shall be retained by the Insurers or, to the extent any such premiums are unearned in whole or in part, shall be deemed to have been returned to the Debtors as part of

the settlement payment here. The Insurers shall not be required to make any payments other than the payment specified in paragraph 3.1(a) hereof.

3.6     Release of the Puri Parties and Steven H. Smith.

(a)     Subject to the occurrence of the Effective Date, in consideration of the agreements of the Puri Parties contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee, on behalf of the Trustee, the Debtors and the Estates, and Glatfelter, and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably release, remise and forever discharge the Puri Parties and Steven H. Smith, and their predecessors, successors and assigns, and their present and former shareholders, affiliates (other than (i) RF & Son, (ii) Ecusta Fibres Ltd. and (iii) Purico US, Inc. to the extent that they would be considered an affiliate or otherwise fall within this paragraph), subsidiaries, divisions, predecessors, directors, officers, attorneys (other than Dechert, LLP, including its predecessors, successors and assigns and any individual or attorney formerly or currently employed by Dechert, LLP), employees, agents and other representatives (all such persons being hereinafter referred to collectively as the "Puri Party Releasees" and individually as a "Puri Party Releasee"), of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever arising out of, or in any way related to, the Acquisition Agreement and related agreements, the ownership or operation of assets acquired in the Acquisition Agreement, or the Debtors or the Estates (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which the Trustee, the Debtors, the Estates or Glatfelter, or any of their successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have, against the Puri Party Releasees or any of them, including the Glatfelter Claims, other than the Puri Parties' obligations under this Settlement Agreement.

(b)     The Trustee and Glatfelter understand, acknowledge and agree that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     The Trustee and Glatfelter agree that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.7    Trustee's and Glatfelter's Covenant Not to Sue Puri Parties and Steven H. Smith. The Trustee, on behalf of the Trustee, the Debtors and the Estates, and Glatfelter, and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each Puri Party Releasee that they will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Puri Party Releasee on the basis of any Claim released, remised or discharged herein.

3.8    Release of Trustee and Glatfelter.

   (a)    Subject to the occurrence of the Effective Date, in consideration of the agreements of the Trustee contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Puri Parties and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably release, remise and forever discharge (i) the Trustee, and his predecessors, successors and assigns, and his present and former attorneys (other than Dechert, LLP, including its predecessors, successors and assigns and any individual or attorney formerly or currently employed by Dechert, LLP), employees, agents and other representatives, the Debtors and the Estates (the Trustee and all such other persons being hereinafter referred to collectively as the "Trustee Releasees" and individually as a "Trustee Releasee"), and (ii) Glatfelter and its predecessors, successors and assigns, its present and former attorneys, employees, agents and other representatives (Glatfelter and all such other persons being herein referred to collectively as the "Glatfelter Releasees" and individually as a "Glatfelter Releasee") of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever arising out of, or in any way related to, the Acquisition Agreement and related agreements, the ownership or operation of assets acquired in the Acquisition Agreement, or the Debtors or the Estates (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, including, without limitation, claims whether or not included in the Puri Party Proofs of Claim, including the Puri Claims, which the Puri Parties or any of their successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have against (i) the Trustee Releasees or any of them, other than the Trustee's obligations pursuant to this Settlement Agreement, or (ii) the Glatfelter Releasees or any of them.

   (b)    The Puri Parties understand, acknowledge and agree that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     The Puri Parties agree that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.9     <u>Puri Parties' Covenant Not to Sue the Trustee and Glatfelter</u>.  The Puri Parties and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each Trustee Releasee and Glatfelter Releasee that they will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Trustee Releasee or Glatfelter Releasee on the basis of any Claim released, remised or discharged herein.

3.10    <u>Release of CNA and Zurich American Insurance Company</u>.

(a)     Subject to the occurrence of the Effective Date and the receipt by the Trustee of the CNA Consideration, in consideration of the agreements of CNA contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, (i) the Trustee, on behalf of the Trustee, the Debtors and the Estates, and their successors, assigns, and other legal representatives, (ii) the Puri Parties, and their successors, assigns, and other legal representatives, and (iii) Steven H. Smith hereby absolutely, unconditionally and irrevocably release, remise and forever discharge CNA and Zurich American Insurance Company, and their predecessors, successors and assigns, and their present and former parents, shareholders, affiliates, subsidiaries, divisions, predecessors, administrators, insurers, reinsurers, directors, officers, attorneys, employees, agents and other representatives (all such persons being hereinafter referred to collectively as the "CNA Releasees" and individually as a "CNA Releasee"), of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which the Trustee, the Debtors or the Estates or any of their successors, assigns, or other legal representatives, or the Puri Parties or Steven H. Smith, or any of their successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have against the CNA Releasees or any of them, other than CNA's obligations under this Settlement Agreement.

(b)     The Trustee, the Puri Parties and Steven H. Smith understand, acknowledge and agree that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     The Trustee, the Puri Parties and Steven H. Smith agree that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.11     <u>Trustee's, Puri Parties', and Steven H. Smith's Covenant Not to Sue CNA</u>.  The Trustee, the Puri Parties and Steven H. Smith and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each CNA Releasee that they will not sue (at law, in equity, in any regulatory proceeding or otherwise) any CNA Releasee on the basis of any claim released, remised or discharged herein.

3.12     <u>Release of the Puri Parties and Steven H. Smith by CNA</u>.

(a)     Subject to the occurrence of the Effective Date, in consideration of the agreements of the Puri Parties contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, CNA, and its successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges the Puri Parties and Steven H. Smith, and their predecessors, successors and assigns, and their present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (all such persons being hereinafter referred to collectively as the "Puri Party Releasees" and individually as a "Puri Party Releasee"), of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which CNA or any of its successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have against the Puri Party Releasees or any of them, other than the Puri Party Releasees' obligations under this Settlement Agreement.

(b)     CNA understands, acknowledges and agrees that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     CNA agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.13    CNA's Covenant Not to Sue the Puri Parties and Steven H. Smith.  CNA and its successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each Puri Party Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Puri Party Releasee on the basis of any claim released, remised or discharged herein.

3.14    No Right to Distribution.  Subject to the occurrence of the Effective Date, other than with respect to the Melham Claims, the Puri Parties waive any right to receive a distribution on account of any claims asserted by the Puri Parties in any proof of claim filed against the Estates, including the Puri Party Proofs of Claim, or in the Adversary Proceedings, which claims are released pursuant to Section 3.8 above.  The Puri Party Proofs of Claim shall be deemed withdrawn within ten (10) Business Days of the Effective Date.  The Trustee may sign and file a notice of withdrawal of such claims if he deems it necessary.  It is acknowledged and agreed that the claims of Steven H. Smith, the Debtors' former Vice President, COO, Treasurer, Secretary, and CFO, that are not scheduled as disputed, contingent or unliquidated in the sum of approximately $9,071.68, are not included in the definition of Puri Party Proofs of Claim and shall not be objected to by the Trustee.

4.    TERMS OF GENERAL APPLICATION.

4.1    No Admission of Liability.  It is understood by the Parties that this Settlement Agreement represents a compromise of disputed claims and is not to be construed as an admission by any Party of any facts, assertions, liabilities, rights, duties or obligations owed by that Party to any other Party.  If this Settlement Agreement is not approved by a Final Order nothing herein shall be used by any Party against any other Party in connection with any Adversary Proceeding or any other matter.  Neither the fact of this Settlement Agreement, nor any provision contained herein, nor any action taken hereunder, shall constitute an admission with respect to any claims or facts alleged by any of the Parties.

4.2    Integration.  This Settlement Agreement and the documents executed and delivered pursuant hereto constitute the entire agreement among the Parties and collectively they supersede all prior agreements, understandings or representations among the parties, oral or written, concerning the subject matter hereof, with the exception of the Glatfelter Settlement Agreement.  No Party, in entering into this Settlement Agreement, has relied on any representations or warranties not expressly set forth herein or expressly contemplated hereby.

4.3    Due Authorization.  Each person signing this Settlement Agreement on behalf of a Party represents and warrants to each other Party that he or she has been duly authorized and has legal capacity to sign this Settlement Agreement on behalf of the Party for which he or she is signing and thereby to bind such Party to the terms hereof and that all necessary approvals of committees, boards or other

individuals or entities with respect to the subject matter hereof, other than the District Court, have heretofore been obtained.

4.4    Specific Performance. Each of the Parties acknowledges that, upon application of any Party, a court may require specific performance by any other Party of any obligation hereunder.

4.5    Advice of Counsel. Each Party represents and warrants to the other that it (a) understands fully the terms and conditions of this Settlement Agreement and the consequences of the execution and delivery of this Settlement Agreement, (b) has been afforded an opportunity to have this Settlement Agreement reviewed by, and to discuss this Settlement Agreement and the documents to be executed pursuant hereto or in connection herewith with, such attorneys and other persons as such Party may wish, and (c) has entered into this Settlement Agreement and executed and delivered all documents in connection herewith of its own free will and accord and without threat, duress or other coercion of any kind. The Parties acknowledge and agree that neither this Settlement Agreement nor the other documents executed pursuant hereto or in connection herewith shall be construed more favorably in favor of one than the other based upon which Party drafted the same, it being acknowledged that all Parties contributed substantially to the negotiation and preparation of this Settlement Agreement and the other documents executed pursuant hereto or in connection herewith.

4.6    Further Assurances. Each of the Parties shall execute and deliver such additional documents and take such additional action as may be reasonably necessary or desirable to effectuate the provisions and purposes of this Settlement Agreement.

4.7    No Third-Party Rights. Nothing in this Settlement Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Settlement Agreement on any persons other than the Parties and their respective affiliates, successors and assigns, nor is anything in this Settlement Agreement intended to relieve or discharge the obligation or liability of any third persons to any of the Parties, nor shall any provision give any third persons any right of subrogation or action against any Party to this Settlement Agreement; provided, however, that the provisions of Sections 3.6, 3.7, 3.12 and 3.13 of this Settlement Agreement shall inure to the benefit of the Puri Party Releasees as third party beneficiaries of such Sections 3.6, 3.7, 3.12, and 3.13, the provisions of Sections 3.8 and 3.9 of this Settlement Agreement shall inure to the benefit of the Trustee Releasees and Glatfelter Releasees as third party beneficiaries of such Sections 3.8 and 3.9, and the provisions of Sections 3.10 and 3.11 of this Settlement Agreement shall inure to the benefit of the CNA Releasees as third party beneficiaries of such Sections 3.10 and 3.11. The Glatfelter Settlement Agreement remains in full force and effect.

4.8    Counterparts. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which constitute one and the same agreement, and the signature pages from any

counterpart may be appended to any other counterpart to assemble fully-executed counterparts. Counterparts of this Settlement Agreement also may be exchanged via electronic means, and a facsimile or electronic transmission of any signature shall be deemed to be an original signature for all purposes.

4.9    Notices. All notices and other communications hereunder shall be in writing and shall be sent by a nationally-recognized overnight mail service and by facsimile:

If to the Trustee, to:

Moses & Singer LLP
Attn:    Alan E. Gamza, Esq.
            Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Fax: 212-554-7700

With a copy to:

Mullen Holland & Cooper, P.A.
Attn:    Langdon M. Cooper, Esq.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488
Fax: 704-861-8394

If to any of the Puri Parties, to:

Nelson Mullins Riley & Scarborough LLP
Attn:    Raboteau T. Wilder, Jr., Esq.
Bank of America Corporate Center, 42nd Floor
100 North Tryon Street
Charlotte, NC 28202-4007
Fax:  (704) 377-4814

With a copy to:

Curtis, Mallet-Prevost, Colt & Mosle LLP
Attn:    Steven J. Reisman, Esq.
            Theresa A. Foudy, Esq.
101 Park Avenue
New York, NY 10178-0061
Fax:  (212) 697-1559

Poyner & Spruill LLP
Attn: Diane Furr, Esq.
301 South College Street
Suite 2300
Charlotte, NC 28202
Fax: (704) 342-5264

Purico (I.O.M.) Limited
Attn: Maurice Dyson
Fildraw, Phildraw Road, Ballasalla
Isle of Man, IM9 3EH
Fax: 44 01624 824233

Nathu R. Puri
Purico Group
Environment House
6 Union Road
Nottingham NG3 1FH
UK
Fax: 44 115-901-3100

Upendra Puri
1348 Northampton Street
Easton, PA 18042-4050
Fax: (815) 550-8606

If to CNA, to:

Cozen O'Connor
Attn: Kevin M. Mattessich, Esq.
45 Broadway
16th Floor
New York, NY 10006
Fax: (212) 509-9492

If to Glatfelter, to:

Helms Mulliss & Wicker, PLLC
Attn: Scott P. Vaughn, Esq.
201 North Tryon Street
Charlotte, NC 28202
Fax: (704) 861-8394

If to Steven H. Smith, to:

Nelson Mullins Riley & Scarborough LLP
Attn:   Raboteau T. Wilder, Jr., Esq.
Bank of America Corporate Center, 42nd Floor
100 North Tryon Street
Charlotte, NC 28202-4007
Fax:  (704) 377-4814

4.10   <u>Governing Law</u>.  THIS AGREEMENT SHALL BE GOVERNED BY,
CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF
THE STATE OF NORTH CAROLINA, WITHOUT REFERENCE TO THE
CONFLICTS OR CHOICE OF LAW PRINCIPLES THEREOF.

4.11   <u>Jurisdiction and Venue</u>.  The Parties irrevocably consent to the exclusive
jurisdiction and venue of the District Court in connection with any dispute
between or among them arising under or related to this Settlement Agreement and
any other instruments executed pursuant hereto or in connection herewith.

4.12   <u>Amendments in Writing</u>.  No change, addition to, amendment or modification of
the terms of this Settlement Agreement shall be effective unless reduced to
writing and executed by all the Parties.

4.13   <u>Legal Fees and Expenses.</u>  Each Party shall pay its own costs and attorneys' fees
in connection with the negotiation, drafting and consummation of this Settlement
Agreement.

4.14   <u>Binding Effect</u>.  This Settlement Agreement shall be binding on and inure to the
benefit of the Parties and their successors and assigns.

*[Signature pages follow]*

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
         Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January *10* , 2008


MOSES & SINGER LLP

By: _____
         Alan E. Gamza, Esq.
         Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January *10* , 2008


CNA FINANCIAL CORPORATION

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


_____
Nathu Ram Puri
Dated: January ___, 2008


_____
Upendra Puri
Dated: January ___, 2008


_____
Ajay Badhwar
Dated: January ___, 2008


_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January ___, 2008


PURICO GMBH

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ENVIRONMENTAL DESIGN
CONSULTANCY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


664314v6  009033.0300

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
       Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January ___, 2008


MOSES & SINGER LLP

By: _____
       Alan E. Gamza, Esq.
       Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January ___, 2008


CNA FINANCIAL CORPORATION

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

---

_N. R. (Puri)_
Nathu Ram Puri
Dated: January 7/15, 2008


_____
Upendra Puri
Dated: January ___, 2008


_____
Ajay Badhwar
Dated: January ___, 2008


_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January ___, 2008


PURICO GMBH

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ENVIRONMENTAL DESIGN
CONSULTANCY

By: _N. R. (Puri)_

Name: _N. R. PURI_

Title: _Principal_

Dated: January 7/15, 2008

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
          Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January ___, 2008


MOSES & SINGER LLP

By: _____
          Alan E. Gamza, Esq.
          Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January ___, 2008


CNA FINANCIAL CORPORATION

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


_____
Nathu Ram Puri
Dated: January ___, 2008

_____
Upendra Puri
Dated: January _6_, 2008


_____
Ajay Badhwar
Dated: January ___, 2008


_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January ___, 2008


PURICO GMBH

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ENVIRONMENTAL DESIGN
CONSULTANCY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


664314v3  009033.0300

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
        Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January ____, 2008


MOSES & SINGER LLP

By: _____
        Alan E. Gamza, Esq.
        Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January ____, 2008


CNA FINANCIAL CORPORATION

By: _____

Name: _____

Title: _____

Dated: January ____, 2008


_____
Nathu Ram Puri
Dated: January ____, 2008


_____
Upendra Puri
Dated: January ____, 2008

_____
Ajay Badhwar
Dated: January 8, 2008


_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January ____, 2008


PURICO GMBH

By: _____

Name: _____

Title: _____

Dated: January ____, 2008


ENVIRONMENTAL DESIGN
CONSULTANCY

By: _____

Name: _____

Title: _____

Dated: January ____, 2008


664314v3  009033.0300

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
       Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January ___, 2008



MOSES & SINGER LLP

By: _____
       Alan E. Gamza, Esq.
       Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January ___, 2008



CNA FINANCIAL CORPORATION

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


_____
Nathu Ram Puri
Dated: January ___, 2008


_____
Upendra Puri
Dated: January ___, 2008


_____
Ajay Badhwar
Dated: January ___, 2008

_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January _9_, 2008


PURICO GMBH

By: _____

Name: _____

Title: _____

Dated: January ___, 2008



ENVIRONMENTAL DESIGN
CONSULTANCY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

08/01/2008  15:41  +49-7225-982929          PURICO GMBH                    S.    19

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
       Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street  (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January ___, 2008


MOSES & SINGER LLP

By: _____
       Alan E. Gamza, Esq.
       Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January ___, 2008


CNA FINANCIAL CORPORATION

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


_____
Nathu Ram Puri
Dated: January ___, 2008


_____
Upendra Puri
Dated: January ___, 2008


_____
Ajay Badhwar
Dated: January ___, 2008


_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January ___, 2008

PURICO GMBH

By: _____

Name: _RENE KAESCHNER_____

Title: _MANAGING DIRECTOR_____

Dated: January 24, 2008


ENVIRONMENTAL DESIGN
CONSULTANCY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


664314v3  009033.0300

LANGDON M. COOPER, CHAPTER 7
TRUSTEE, for the ESTATES of
RFS ECUSTA INC. and RFS US INC.
Executed solely in his capacity as Trustee,
and not individually

By: _____
       Langdon M. Cooper, Esq.
Mullen Holland & Cooper, P.A.
301 South York Street (zip: 28052)
P.O. Box 488
Gastonia, North Carolina 28053-0488

Dated: January ___, 2008


MOSES & SINGER LLP

By: _____
       Alan E. Gamza, Esq.
       Christopher J. Caruso, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Counsel for the Trustee

Dated: January ___, 2008


CNA FINANCIAL CORPORATION

By: *Danielle Librizzi*

Name: *Danielle Librizzi*

Title: *Claim Director*

Dated: January *10*, 2008


_____
Nathu Ram Puri
Dated: January ___, 2008


_____
Upendra Puri
Dated: January ___, 2008


_____
Ajay Badhwar
Dated: January ___, 2008


_____
Steven H. Smith (as to Sections 3.4, 3.5, 3.6,
3.7, 3.10, 3.11, 3.12, 3.13, and 3.14 hereof)
Dated: January ___, 2008


PURICO GMBH

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ENVIRONMENTAL DESIGN
CONSULTANCY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


664314v6  009033.0300

COLUMBIA CASUALTY COMPANY

By: _Danielle Librizzi_

Name: _Danielle Librizzi_

Title: _Claim Director_

Dated: January _10_, 2008


COZEN O'CONNOR

By: _____

Kevin M. Mattessich, Esq.
45 Broadway
16th Floor
New York, NY 10006

Counsel for Columbia Casualty Company
and CNA Financial Corporation

Dated: January ___, 2008

P.H. GLATFELTER COMPANY (as to
(Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

MOLLANVICK, INC. (as to Sections
(3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


DOORLOCK, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


PURICO (IOM) LIMITED

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ECUSTA AUSTRALIA PTY LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ANCEFIN, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


664314v6  009033.0300

COLUMBIA CASUALTY COMPANY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


COZEN O'CONNOR

By: _____
        Kevin M. Mattessich, Esq.
45 Broadway
16th Floor
New York, NY 10006

Counsel for Columbia Casualty Company
and CNA Financial Corporation

Dated: January ___, 2008


P.H. GLATFELTER COMPANY (as to
(Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _Jeffrey Norton_____

Title: _V. P. General Counsel &
        Secretary_
Dated: January ___, 2008


MOLLANVICK, INC. (as to Sections
(3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _Donald R. Gross_____

Title: _V. P. & Treasurer____

Dated: January ___, 2008


DOORLOCK, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


PURICO (IOM) LIMITED

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ECUSTA AUSTRALIA PTY LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ANCEFIN, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

COLUMBIA CASUALTY COMPANY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


COZEN O'CONNOR

By: _____
        Kevin M. Mattessich, Esq.
45 Broadway
16th Floor
New York, NY 10006

Counsel for Columbia Casualty Company
and CNA Financial Corporation

Dated: January ___, 2008

P.H. GLATFELTER COMPANY (as to
(Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

MOLLANVICK, INC. (as to Sections
(3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


DOORLOCK, LTD.

By: _Upendra Puri_

Name: _UPENDRA PURI_

Title: _DIRECTOR_

Dated: January _5_, 2008


PURICO (IOM) LIMITED

By: _Upendra Puri_

Name: _UPENDRA PURI_

Title: _Authorised Signatory_

Dated: January _5_, 2008


ECUSTA AUSTRALIA PTY LTD.

By: _Upendra Puri_

Name: _UPENDRA PURI_

Title: _DIRECTOR_

Dated: January _5_, 2008


ANCEFIN, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


664314v3  009033.0300

COLUMBIA CASUALTY COMPANY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


COZEN O'CONNOR

By: _____
       Kevin M. Mattessich, Esq.
45 Broadway
16th Floor
New York, NY 10006

Counsel for Columbia Casualty Company
and CNA Financial Corporation

Dated: January ___, 2008

P.H. GLATFELTER COMPANY (as to
(Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

MOLLANVICK, INC. (as to Sections
(3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


DOORLOCK, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


PURICO (IOM) LIMITED

By: _____

Name: Maurice Dyson

Title: Director

Dated: January 10, 2008


ECUSTA AUSTRALIA PTY LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ANCEFIN, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008

664314v6  009033.0300

COLUMBIA CASUALTY COMPANY

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


COZEN O'CONNOR

By: _____
      Kevin M. Mattessich, Esq.
45 Broadway
16th Floor
New York, NY 10006

Counsel for Columbia Casualty Company
and CNA Financial Corporation

Dated: January ___, 2008


P.H. GLATFELTER COMPANY (as to
(Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


MOLLANVICK, INC. (as to Sections
(3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


DOORLOCK, LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


PURICO (IOM) LIMITED

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ECUSTA AUSTRALIA PTY LTD.

By: _____

Name: _____

Title: _____

Dated: January ___, 2008


ANCEFIN, LTD.

By: _____

Name: _Anic Purs_____

Title: _Director_____

Dated: January 07, 2008


664314v3 009033.0300

HELMS MULLIS & WICKER, PLLC (as to
Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____
        Scott P. Vaughn, Esq.
201 North Tryon Street
Charlotte, North Carolina 28202

Counsel for P.H. Glatfelter Company and
Mollanvick, Inc.

Dated: January ___, 2008

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By: _____
        Raboteau T. Wilder, Jr., Esq.
Bank of American Corporate Center
100 N. Tryon Street
Charlotte, North Carolina 28202

Counsel for Nathu Ram Puri, Upendra Puri,
Ajay Badhwar, Steven H. Smith (as to Sections
3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12, 3.13, and
3.14 hereof), Purico GmbH, Environmental
Design Consultancy, Doorlock, Ltd., Purico
(IOM) Limited, and Ecusta Australia Pty, Ltd.

Dated: January 10, 2008

CURTIS, MALLET-PREVOST,
    COLT & MOSLE LLP

By: _____
        Steven J. Reisman, Esq.
        Theresa A. Foudy, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178-0061

Counsel for Purico (IOM) Limited

Dated: January ___, 2008

AARON E. BRADSHAW
By: _____
        Aaron E. Bradshaw, Esq.
313 S. South Street
P.O. Box 1072
Gastonia, NC 28053

Counsel for Nathu Ram Puri, Upendra K.
Puri, Ajay Badhwar, and Steven H. Smith (as
to Sections 3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12,
3.13, and 3.14 hereof)

Dated: January 10, 2008

HELMS MULLIS & WICKER, PLLC (as to
Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____
     Scott P. Vaughn, Esq.
201 North Tryon Street
Charlotte, North Carolina 28202

Counsel for P.H. Glatfelter Company and
Mollanvick, Inc.

Dated: January ___, 2008

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By: _____
     Raboteau T. Wilder, Jr., Esq.
Bank of American Corporate Center
100 N. Tryon Street
Charlotte, North Carolina 28202

Counsel for Nathu Ram Puri, Upendra Puri,
Ajay Badhwar, Steven H. Smith (as to Sections
3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12, 3.13, and
3.14 hereof), Purico GmbH, Environmental
Design Consultancy, Doorlock, Ltd., Purico
(IOM) Limited, and Ecusta Australia Pty, Ltd.

Dated: January ___, 2008

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

By: _____
     Steven J. Reisman, Esq.
     Theresa A. Foudy, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178-0061

Counsel for Purico (IOM) Limited

Dated: January 10, 2008

AARON E. BRADSHAW

By: _____
     Aaron E. Bradshaw, Esq.
313 S. South Street
P.O. Box 1072
Gastonia, NC 28053

Counsel for Nathu Ram Puri, Upendra K.
Puri, Ajay Badhwar, and Steven H. Smith (as
to Sections 3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12,
3.13, and 3.14 hereof)

Dated: January ___, 2008

HELMS MULLIS & WICKER, PLLC (as to
Sections 3.4, 3.6, 3.7, 3.8, and 3.9 hereof)

By: _____
          Scott P. Vaughn, Esq.
201 North Tryon Street
Charlotte, North Carolina 28202

Counsel for P.H. Glatfelter Company and
Mollanvick, Inc.

Dated: January ___, 2008

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By: _____
          Raboteau T. Wilder, Jr., Esq.
Bank of American Corporate Center
100 N. Tryon Street
Charlotte, North Carolina 28202

Counsel for Nathu Ram Puri, Upendra Puri,
Ajay Badhwar, Steven H. Smith (as to Sections
3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12, 3.13, and
3.14 hereof), Purico GmbH, Environmental
Design Consultancy, Doorlock, Ltd., Purico
(IOM) Limited, and Ecusta Australia Pty, Ltd.

Dated: January ___, 2008

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP


By: _____
          Steven J. Reisman, Esq.
          Theresa A. Foudy, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178-0061

Counsel for Purico (IOM) Limited

Dated: January ___, 2008

AARON E. BRADSHAW

By: _____
          Aaron E. Bradshaw, Esq.
313 S. South Street
P.O. Box 1072
Gastonia, NC 28053

Counsel for Nathu Ram Puri, Upendra K.
Puri, Ajay Badhwar, and Steven H. Smith (as
to Sections 3.4, 3.5, 3.6, 3.7, 3.10, 3.11, 3.12,
3.13, and 3.14 hereof)

Dated: January ___, 2008

664314v6  009033.0300

POYNER & SPRUILL LLP

By: _Diane P. Furr_
      Diane Furr, Esq.
301 South College Street
Suite 2300
Charlotte, North Carolina 28202

Counsel for Ancefin, Ltd.

Dated: January 10, 2008

<u>Exhibit List to Settlement Agreement</u>

Exhibit A:    Settlement Order – not attached to Settlement Agreement

Exhibit B:    Disbursement Order – not attached to Settlement Agreement.  Attached as
              Exhibit B to the Order.

Exhibit C:    Wire instructions for Initial Ancefin Proceeds Transfer – attached

Exhibit D:    Final Judgment and Bar Order – not attached to Settlement Agreement.
              Attached as Exhibit C to the Order.

**EXHIBIT C**  TO SETTLEMENT AGREEMENT

ABA No. 021000089
Bank Name: Citibank
City:    New York
A/C No.   40616408
Entity Name: Goldman Sachs International
For further credit to: ANCEFIN LIMITED 033-42843-4

## **EXHIBIT B**

## **DISBURSEMENT ORDER**

EXHIBIT B - PROPOSED DISBURSEMENT ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

------------------------------------------------------------------ X
In re:                                                              :    Chapter 7
                                                                    :
RFS ECUSTA INC. and                                                 :    Bankr. Ct. Case Nos.
RFS US INC.,                                                        :             03-10358 (GRH)
                                        Debtors.                     :    and 03-10360 (GRH)
------------------------------------------------------------------ X    (Jointly Administered)
LANGDON M. COOPER,                                                  :
as Chapter 7 Trustee for the estates of                             :    **Dist. Ct. Case No.**
RFS ECUSTA INC. AND RFS US INC.,                                   :    **3:05-cv-214-MU**
                                                                    :
                                        Plaintiff,                  :    Bankr. Ct. Adv. Pro. No.
                                                                    :    04-3233
                                v.                                  :
                                                                    :
NATHU RAM PURI, UPENDRA K. PURI,                                   :
AJAY BADHWAR, STEVEN H. SMITH,                                     :
PURICO (IOM) LIMITED, PURICO US, INC.,                             :
ECUSTA FIBERS, LTD., ECUSTA AUSTRALIA PTY.                         :
LTD., PURICO GMBH, ENVIRONMENTAL                                   :
DESIGN CONSULTANCY, P.H.                                           :
GLATFELTER COMPANY and                                             :
MOLLANVICK, INC.,                                                  :
                                                                    :
                                        Defendants.                 :
------------------------------------------------------------------ X
LANGDON M. COOPER,                                                  :
as Chapter 7 Trustee for the estates of                             :    **Dist. Ct. Case No.**
RFS ECUSTA INC. AND RFS US INC.,                                   :    **3:05-cv-215-MU**
                                                                    :
                                        Plaintiff,                  :    Bankr. Ct. Adv. Pro. No.
                                                                    :    03-3352
                                v.                                  :
                                                                    :
NATHU RAM PURI, PURICO (IOM)                                       :
LIMITED, ANCEFIN, LTD., and TOTAL                                  :
ACCEPTANCES LIMITED,                                               :
                                                                    :
                                        Defendants.                 :
------------------------------------------------------------------ X

------------------------------------------------------------------- X

LANGDON M. COOPER,                                      :
as Chapter 7 Trustee for the estates of                :    **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                       :    **3:05-cv-216-MU**
                                                       :
                                        Plaintiff,     :    Bankr. Ct. Adv. Pro. No.
                                                       :    04-3069
                        v.                             :
                                                       :
P.H. GLATFELTER COMPANY, NORTH                         :
CAROLINA INDUSTRIAL COMMISSION,                        :
NORTH CAROLINA DEPARTMENT OF                           :
INSURANCE, NORTH CAROLINA SELF-                        :
INSURANCE GUARANTY ASSOCIATION,                        :
JAMES GOODSON, WACHOVIA BANK, N.A.,                    :
JOHN DOE 1 through unknown and JANE DOE 1 through      :
unknown,                                               :
                                                       :
                                        Defendants.    :
------------------------------------------------------------------- X

LANGDON M. COOPER,                                      :
as Chapter 7 Trustee for the estates of                :    **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                       :    **3:05-cv-213-MU**
                                                       :
                                        Plaintiff,     :    Bankr. Ct. Adv. Pro. No.
                                                       :    04-3232
                        v.                             :
                                                       :
P.H. GLATFELTER COMPANY;                               :
MOLLANVICK, INC.; JEMSITE                              :
DEVELOPMENT, LLC; STATE                                :
EMPLOYEES CREDIT UNION;                                :
WACHOVIA BANK, N.A.; TRSTE, INC. and                   :
ALLFIRST TRUST COMPANY, N.A. n/k/a                     :
M&T BANK,                                              :
                                                       :
                                                       :
                                                       :
                                        Defendants.    :
------------------------------------------------------------------- X

```
------------------------------------------------ X
                                                 :
P.H. GLATFELTER COMPANY and                      :
MOLLANVICK, INC.,                                :   **Dist. Ct. Case No.**
                                                 :   **3:05-cv-213-MU**
          Counterclaim and Third Party Plaintiff,:
                                                 :
                                                 :   Bankr. Ct. Adv. Pro. No.
                                                 :   04-3232
                                                 :
               v.                                :
                                                 :
LANGDON M. COOPER, as Chapter 7 Trustee          :
for the Estates of RFS ECUSTA INC. and           :
RFS US INC., NATHU RAM PURI, UPENDRA K.          :
PURI, PURICO (IOM) LIMITED, PURICO US,           :
INC., RF & SON, INC., PURICO GMBH, and           :
ALLFIRST TRUST COMPANY, N.A. n/k/a               :
M&T BANK Corporation as escrow agent,            :
                                                 :
          Counterclaim and Third Party Defendants.:
------------------------------------------------ X
LANGDON M. COOPER,                               :
as Chapter 7 Trustee for the estates of          :   **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                 :   **3:05-cv-212-MU**
                                                 :
                    Plaintiff,                   :
                                                 :   Bankr. Ct. Adv. Pro. No.
                                                 :   04-3231
               v.                                :
                                                 :
DECHERT LLP,                                     :
                                                 :
                    Defendant.                   :
------------------------------------------------ X
LANGDON M. COOPER,                               :
as Chapter 7 Trustee for the estates of          :   **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                 :   **3:06-cv-312-GCM**
NATHU RAM PURI, UPENDRA K. PURI,                 :
AJAY BADHWAR and STEVEN H. SMITH,                :
                                                 :   Bankr. Ct. Adv. Pro. No.
                                                 :   04-3231
                    Plaintiffs,                  :
                                                 :
               v.                                :
                                                 :
CNA FINANCIAL CORPORATION, COLUMBIA              :
CASUALTY COMPANY, and ZURICH AMERICAN            :
INSURANCE COMPANY,                               :
                                                 :
                    Defendants.                  :
------------------------------------------------ X
```

## ORDER DIRECTING CLERK TO DISBURSE FUNDS CURRENTLY HELD IN THIS COURT'S REGISTRY

THIS MATTER came to be heard on the Motion of Langdon M. Cooper, the Trustee in Bankruptcy (the "Trustee") for the Chapter 7 estates of RFS Ecusta Inc. and RFS US Inc. to approve a certain settlement among multiple parties (the "Settlement"). The Settlement was approved and this Court's Order approving the Settlement has become final. The Clerk of this Court, through the Court's Registry, holds in these cases a sum in excess of $29 million, and this sum now needs to be disbursed pursuant to the Settlement. It is, therefore,

**ORDERED**, that the Clerk of this Court shall immediately cause the funds held in these cases, including all accrued interest but less all fees owed the Court or the Registry, to be disbursed as follows:

(1)    The sum of $7,750,000 shall be disbursed as directed by Langdon M. Cooper, Trustee, for the benefit of the bankruptcy estates[1];

(2)    The balance of the funds shall be disbursed to Purico (IOM) Limited pursuant to the following wire transfer instructions:

ABA No. 022000020
Bank Name: HSBC
Bank Identifier Code: MIDLGB22
Entity Name: Purico IOM Ltd.
Account No.   58129231

It is further

**ORDERED** that the Clerk shall endeavor to cause the funds to be disbursed by wire transfer if possible, and in any event to be disbursed in such a manner that the funds do not lose any more daily interest than is absolutely necessary. The total funds are in excess of $29 million and at about 5% per annum the funds would earn about $4,000 a day in interest. It is the desire of this Court to prevent loss of interest to the parties, and the Clerk is directed to cooperate with the parties to expedite the transfer.

This the ___ day of February, 2008.

---

[1]  The Court notes that the Trustee may desire to keep all or a portion of the Estates' $7,750,000 in the Registry for a while longer to earn interest until he needs the funds. In this regard, the Clerk shall follow the written instructions of the Trustee regarding the timing of the transfer of the $7,750,000 sum.

664075v3  009033.0300

_____
Graham C. Mullen
United States District Judge

**EXHIBIT C**

**FINAL JUDGMENT AND BAR ORDER**

664344v5  009033.0300

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

--------------------------------------------------------------- X

In re:                                                          :     Chapter 7
                                                                :
RFS ECUSTA INC. and                                             :     **Dist. Ct. Case No.**
RFS US INC.,                                                     :     **3:06-cv-386-MU**
                                                                :
                                                                :     Bankr. Ct. Case Nos.
                                                                :            03-10358 (GRH)
                        Debtors.                                 :        and 03-10360 (GRH)
--------------------------------------------------------------- X     (Jointly Administered)
LANGDON M. COOPER,                                              :
as Chapter 7 Trustee for the estates of                         :     **Dist. Ct. Case No.**
RFS ECUSTA INC. AND RFS US INC.,                                :     **3:05-cv-214-MU**
                                                                :
                        Plaintiff,                              :     Bank. Ct. Adv. Pro. No.
                                                                :     04-3233
                                                                :
            v.                                                  :
                                                                :
NATHU RAM PURI, UPENDRA K. PURI,  AJAY                          :
BADHWAR, STEVEN H. SMITH, PURICO (IOM)                          :
LIMITED, PURICO US, INC., RF & SON, INC.,                       :
DOORLOCK, LIMITED, ECUSTA FIBERS, LTD.,                         :
ECUSTA AUSTRALIA PTY. LTD., PURICO GMBH,                        :
ENVIRONMENTAL DESIGN CONSULTANCY, P.H.                          :
GLATFELTER COMPANY and MOLLANVICK, INC.,                        :
                                                                :
                        Defendants.                             :
--------------------------------------------------------------- X
LANGDON M. COOPER,                                              :
as Chapter 7 Trustee for the estates of                         :     **Dist. Ct. Case No.**
RFS ECUSTA INC. AND RFS US INC.,                                :     **3:05-cv-215-MU**
                                                                :
                        Plaintiff,                              :     Bank. Ct. Adv. Pro. No.
                                                                :     03-3352
            v.                                                  :
                                                                :
NATHU RAM PURI, PURICO (IOM)                                    :
LIMITED, ANCEFIN, LTD., and TOTAL                               :
ACCEPTANCES LIMITED,                                            :
                                                                :
                        Defendants.                             :
--------------------------------------------------------------- X

664304v4  009033.0300
4331305v2

LANGDON M. COOPER,                                       :
as Chapter 7 Trustee for the estates of                 :    **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                        :    **3:05-cv-216-MU**
                                                        :
                               Plaintiff,               :    Bankr. Ct. Adv. Pro. No.
                                                        :    04-3069
                                                        :
               v.                                       :
                                                        :
P.H. GLATFELTER COMPANY, NORTH                          :
CAROLINA INDUSTRIAL COMMISSION,                         :
NORTH CAROLINA DEPARTMENT OF                            :
INSURANCE, NORTH CAROLINA SELF-                         :
INSURANCE GUARANTY ASSOCIATION,                         :
JAMES GOODSON, WACHOVIA BANK, N.A.,                     :
JOHN DOE 1 through unknown and JANE DOE 1 through       :
unknown,                                                :
                                                        :
                               Defendants.              :
---------------------------------------------------------------------- X
LANGDON M. COOPER,                                      :
as Chapter 7 Trustee for the estates of                 :    **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                        :    **3:05-cv-213-MU**
                                                        :
                               Plaintiff,               :    Bankr. Ct. Adv. Pro. No.
                                                        :    04-3232
                                                        :
               v.                                       :
                                                        :
P.H. GLATFELTER COMPANY;                                :
MOLLANVICK, INC.; JEMSITE                               :
DEVELOPMENT, LLC; STATE                                 :
EMPLOYEES CREDIT UNION;                                 :
WACHOVIA BANK, N.A.; TRSTE, INC. and                    :
ALLFIRST TRUST COMPANY, N.A. n/k/a                      :
M&T BANK,                                               :
                                                        :
                                                        :
                                                        :
                               Defendants.              :
---------------------------------------------------------------------- X

P.H. GLATFELTER COMPANY and                             :
MOLLANVICK, INC.,                                       :    **Dist. Ct. Case No.**
                                                        :    **3:05-cv-213-MU**
               Counterclaim and Third Party Plaintiff,  :
                                                        :    Bankr. Ct. Adv. Pro. No.
                                                        :    04-3232
               v.                                       :
                                                        :

664304v6  009033.0300                          2
4331305v2

LANGDON M. COOPER,                                         :
as Chapter 7 Trustee for the Estates of                   :
RFS ECUSTA INC. and RFS US INC.,                          :
NATHU RAM PURI, UPENDRA K. PURI,                          :
PURICO (IOM) LIMITED, PURICO US, INC.,                    :
RF & SON, INC., PURICO GmbH, and                          :
ALLFIRST TRUST COMPANY, N.A. n/k/a                        :
M&T BANK Corporation as escrow agent,                     :
                                                          :
                                                          :
                Counterclaim and Third Party Defendants.  :
------------------------------------------------------------------- X
LANGDON M. COOPER,                                        :
as Chapter 7 Trustee for the estates of                  :   **Dist. Ct. Case No.**
RFS ECUSTA INC. and RFS US INC.,                         :   **3:05-cv-212-MU**
                                                          :
                                    Plaintiff,            :   Bankr. Ct. Adv. Pro. No.
                                                          :   04-3231
                                                          :
                        v.                                :
                                                          :
DECHERT LLP,                                              :
                                                          :
                                    Defendant.            :
------------------------------------------------------------------- X


## <u>FINAL JUDGMENT AND BAR ORDER</u>


The matter of this order (the "<u>Final Judgment and Bar Order</u>") having come

before the Court on the *Motion of Langdon M. Cooper, as Chapter 7 Trustee of the Debtors,*

*For: (1) Order Approving Settlement Agreement and Release by and Among the Trustee, the*

*Puri Parties, Columbia Casualty Company, CNA Financial Corporation, Steven H. Smith, P. H.*

*Glatfelter and Mollanvick, Inc. and Also for (2) Final Judgment and Bar Order with Respect to*

*the Puri Parties and Enjoining All Persons or Entities From Asserting Any Indemnity or*

*Contribution Claims Against the Puri Parties* (the "<u>Motion</u>"), dated January __, 2008, of

Langdon M. Cooper, as Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estates (the

"<u>Estates</u>") of RFS Ecusta Inc. and RFS US Inc. (together, the "<u>Debtors</u>"), requesting the entry of

orders pursuant to sections 105(a) of title 11 of the United States Code and Rules 7001, 7016,

7065 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>")

approving the settlement agreement (the "<u>Settlement Agreement</u>"),[1] annexed to the Motion as

"**Exhibit A**"; the Motion having been granted by this Court by order entered on February __,

2008 (the "<u>Settlement Approval Order</u>"); this Court having received a request for entry of this

Final Judgment and Bar Order in accordance with the Settlement Approval Order; it appearing

that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it

appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it

appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it

appearing that notice of the Motion and the opportunity for a hearing were appropriate under the

particular circumstances and that no other or further notice in advance of the approval and entry

of this Final Judgment and Bar Order need be given; the Court having considered the Motion and

the Settlement Agreement, received evidence and heard arguments, including any objections to

the Motion, as reflected on the record of the hearing on the Motion; it appearing that the relief

provided in this Final Judgment and Bar Order is in the best interests of the Debtors, the Estates

and their creditors; and after due deliberation and sufficient cause appearing therefor,

 

        **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

        1.      This Final Judgment and Bar Order is issued pursuant to, and in

accordance with, the Settlement Approval Order, the terms of which are hereby incorporated by

reference.[2]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

[2] This Final Judgment and Bar Order, together with the Settlement Approval Order, constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.

2. As used in this Final Judgment and Bar Order, the following terms (together with their cognate forms) have the meanings specified below:

(a) "Bankruptcy Cases" means the above-captioned actions, as well as any and all related actions or adversary proceedings, regardless of where filed;

(b) "Puri Parties" means Nathu Puri, Upendra Puri, Ajay Badhwar, Purico IOM, Doorlock, Ltd., Ecusta Australia Pty Ltd., Purico GmbH, Ancefin, Ltd., and Environmental Design Consultancy;

(c) "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity of any kind;

(d) "Releasees" means the Puri Parties and their predecessors, successors and assigns, and their present and former shareholders, affiliates (other than (i) RF & Son, Inc., (ii) Ecusta Fibres, Ltd. and (iii) Purico US, Inc. to the extent that they would be considered an affiliate or otherwise fall within this paragraph), subsidiaries, divisions, predecessors, directors, officers, attorneys (other than Dechert, LLP, including its predecessors, successors and assigns and any individual or attorney formerly or currently employed by Dechert, LLP), employees, agents and other representatives;

(e) "Released Claims" means all manner of actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, of whatever kind of nature, whether known or unknown, or suspected or unsuspected, in law or in equity, that Releasors ever had, now have, or may have in the future, known or unknown, against the Releasees, upon or by reason of any

matter that may relate directly or indirectly to any and all claims or allegations that were asserted or could have been asserted in these proceedings; and

        (f)    "Releasors" means the Trustee, the Debtors and the Estates and any and all of their successors, assigns, or other legal representatives.

        3.    The claims of the Trustee against the Puri Parties, including, without limitation, those assigned to the Trustee or the Estate by P.H. Glatfelter Company, are dismissed with prejudice, with each party to bear its own costs.

        4.    Upon entry of this Order and subject to the Effective Date (as defined in the Settlement Agreement), all Releasors shall (i) irrevocably be deemed for all purposes to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, (ii) irrevocably be deemed for all purposes to have covenanted to not sue Releasees with respect to any of the Released Claims, and (iii) be permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any Released Claim against any of the Releasees or any of their property.

        5.    All Persons, except Dechert LLP, (collectively, the "Enjoined Persons") are permanently barred, enjoined, and restrained from instituting, commencing, prosecuting, or asserting against any of the Releasees any claim for indemnity or contribution, however denominated (including, without limitation, any claim for breach of contract or misrepresentation, or any other claim), where the alleged injury to any such Enjoined Persons giving rise to such claim is such Person's actual or threatened liability to any of the Releasors, or costs of defending against, or settling, any claims asserted by any of the Releasors, arising out of or related to any claims or allegations that were or could have been asserted by the Trustee in the Bankruptcy Cases, in the Court, in any federal or state court, or in any other court, arbitration, proceeding, administrative agency, or other forum in the United States or elsewhere, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party

claims, and all such claims (collectively, the "Barred Claims") shall be deemed for all purposes

to be extinguished, discharged, satisfied, and unenforceable. The amount of any judgment that

may be obtained by the Releasors against the Enjoined Persons, or any of them, shall be reduced

by the amount, if any, for which the Releasees would, in the absence of this Final Judgment and

Bar Order, be liable to the Enjoined Persons by way of claims for contribution, indemnity, or

otherwise, whether in this action or in any other actions in respect of the Barred Claims. The

amount of such reduction or credit, if any, to which any Enjoined Person shall or may be entitled

shall be determined by this Court, or such other court where such claims are pending or brought,

in accordance with principles of law and equity and procedures then applicable, this Court

having decided that it is not necessary for the purposes, or the finality or the effectiveness of this

Final Judgment and Bar Order that such reduction or credit determination (or the procedures and

methods of making such reduction or credit determination), if any, be adjudicated at this time.

Notwithstanding anything contained in Section 3.4(e) of the Settlement Agreement (including

Exhibit D to the Settlement Agreement) to the contrary, the provisions of this Bar Order

permanently enjoining, barring and restraining the Enjoined Persons from instituting,

prosecuting, pursuing or litigating in any manner the Barred Claims shall not apply to Dechert

LLP.

      6.     Without in any way limiting the scope of decretal paragraphs 4 and 5 of

this Order, each Releasor further agrees that if any claim or cause of action is commenced,

asserted, continued or pursued by, on behalf of, or for the benefit of any of the Releasors against

any Person, including but not limited to Dechert LLP, and, as a direct or indirect result thereof,

any Person, including but not limited to Dechert LLP, seeks or may seek any claim for indemnity

or contribution, however denominated (including, without limitation, any claim for breach of

contract or misrepresentation, or any other claim), where the alleged injury to any such Person,

including but not limited to Dechert LLP, giving rise to such actual or threatened claim is such

Person's actual or threatened liability to any of the Releasors, or costs, including reasonable attorneys' fees, of defending against, or settling, any claims asserted by any of the Releasors, arising out of or related to any claims or allegations that were or could have been asserted by the Trustee in the Bankruptcy Cases, in the Court, in any federal or state court, or in any other court, arbitration, proceeding, administrative agency, or other forum in the United States or elsewhere, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims ("Contribution or Indemnity Claims"), then no such Releasor shall execute on, collect on, obtain a lien based upon, or otherwise perfect or use in any manner any judgment or settlement in its favor unless the Releasor either: (i) first reduces the judgment or settlement amount or otherwise structures such judgment or settlement, by agreement or otherwise, such that all liability of the Releasees based upon Contribution or Indemnity Claims is eliminated, or (ii) indemnifies the Releasees by holding the amount recovered pursuant to the judgment or settlement, subject to disbursement only upon Order of this Court after notice to the Releasees and a hearing, for the purpose of satisfying all liability of the Releasees with regard to the actual or threatened Contribution or Indemnity Claims.  The Releasor shall provide the counsel to defend, and shall assume all of the costs, including reasonable attorneys' fees, of such defense of these actual or threatened Contribution or Indemnity Claims, up to and from the amount that the Releasor recovers from such Person, plus the $100,000 sum discussed below.   The maximum liability of the Releasors to the Releasees is the amount recovered by the Releasors on the claims they pursued plus $100,000. The Releasors shall have the right to appear and be heard in all respects, including filing an opposition or counterclaim, in connection with such Contribution or Indemnity Claims, and the Releasees shall fully cooperate with the Releasors with respect to the Releasor's defense and opposition to such Contribution or Indemnity Claims.  In the event that any litigation claim by the Releasors against any Person for any Contribution or Indemnity Claim remains pending, the Estates shall, in addition to maintaining the amount recovered as provided

above, maintain net unencumbered cash in an amount no less than $100,000 to support Releasors' obligations under this Paragraph until such time as all litigation claims by the Releasors and all Contribution and Indemnity Claims are fully and finally resolved.  If a Releasee shall desire to retain its own separate counsel, it may do so at its expense and in that event the counsel provided by Releasor to Releasee and the separate counsel retained by Releasee shall cooperate in good faith.

7.      Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby finds that there is no just reason for delay and directs the entry of final judgment.

8.      This Court (or any higher Court of competent jurisdiction) shall retain jurisdiction to resolve any disputes under, to interpret, implement, and enforce the provisions of this Final Judgment and Bar Order.

IT IS SO ORDERED.


_____

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE


Dated: _____, 2008